[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13589
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00005-JES-DNF-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE BASOCO-GONZALEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 1, 2011)

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Jose Basoco-Gonzalez challenges the reasonableness

of his 46-month sentence, which was imposed after he pleaded guilty to illegally

re-entering the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The district court imposed the sentence, which fell at the bottom of the guideline range, after considering the sentencing factors in 18 U.S.C. § 3553(a) and that Basoco-Gonzalez had three prior felony convictions.

We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). The sentencing court must impose a sentence "sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in § 3553(a)(2), namely, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

"[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Id.* We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotations omitted).

A sentence may be either procedurally or substantively unreasonable. *See United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008). "The review for substantive unreasonableness involves examining the totality of the circumstances, including

an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *Id.* at 1324.

On review, we conclude that Basoco-Gonzalez's 46-month sentence is both procedurally and substantively reasonable. With respect to procedural reasonableness, the district court expressly stated that it considered the § 3553(a) factors and stated its reasons for imposing the particular sentence, pursuant to 18 U.S.C. § 3553(c). The court was not required to "state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *Talley*, 431 F.3d at 786.

As to substantive reasonableness, the 46-month sentence occupies the bottom of the applicable guideline range, and we ordinarily expect such a sentence to be reasonable. *Id.* at 788. Additionally, this sentence was significantly below the statutory maximum sentence of twenty years' imprisonment. 8 U.S.C. § 1326(b)(2). Although Basoco-Gonzalez argues that the district court placed undue emphasis on his criminal history, particularly given that his last conviction was in 1998, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court.*" United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). Further, both the statute and the guidelines specially provide an enhanced sentence to deter convicted aggravated felons from

re-entering the United States, without regard to the date of prior convictions. *United States v. Adeleke*, 968 F.2d 1159, 1160-61 (11th Cir. 1992); *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1312 (11th Cir. 2005).

Based on Basoco-Gonzalez's three prior felony convictions and the other § 3553(a) factors, the district court did not abuse its discretion in sentencing Basoco-Gonzalez to 46-months' imprisonment and 3 years' supervised release. Accordingly, we affirm.

**AFFIRMED.**